UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 18-5819 (MAS)

**MEMORANDUM AND ORDER**

*Pro se* Petitioner Steven Kadonsky, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to file a motion to vacate ("Motion") pursuant to 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)—the form used by Petitioner does not include a declaration that the motion contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.[1]

IT IS therefore on this __16th__ day of __April__, 2018,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the

---

[1] The Court notes that the Motion appears to be time-barred. Petitioner's sentence was imposed on April, 12, 2002, more than 16 years ago. *See United States v. Kadonsky*, No. 97-cr-0154, ECF No. 80 (D.N.J. entered Apr. 12, 2002). Federal law requires § 2255 motions to be filed within one year of final judgment. *See* 28 U.S.C. § 2255(f).

statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]");

**ORDERED** that the Clerk shall forward Petitioner a blank form for a Motion Under 28 U.S.C. § 2255 – AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014);

**ORDERED** that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the petition is or is not timely, or that Petitioner's claims are or are not procedurally defaulted;

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed § 2255 motion on the appropriate form;

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**