UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 18-5819 (MAS)

**MEMORANDUM OPINION**

*Pro se* Petitioner Steven Kadonsky, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to file a motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion"). Petitioner has declared that this is his one, all-inclusive motion. At this time, the Court must screen the amended motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons stated below, the Motion is dismissed as time-barred.

Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

Here, Petitioner is challenging a sentence that was imposed on May 7, 2001, and affirmed by the Third Circuit on April 12, 2002. *See United States v. Kadonsky*, No. 97-cr-154 (D.N.J. filed Mar. 13, 1997), ECF Nos. 69 & 80. As such, there is no question that the Motion is untimely. Petitioner attempts to justify the untimeliness by arguing that he was misinformed by both his counsel and the government at the time of his plea that his term of supervised released would expire long before he finished serving his current state sentence, and he did not discover this mistake until recently, in essence arguing for equitable tolling. That is not a valid ground for equitable tolling.

Title 18, Section 3624 of the United States Code, which tolls any term of supervised release "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days[,]" 18 U.S.C. § 3624(e), was in effect at the time of Petitioner's sentencing, and remained in effect throughout the 17 years since. As such, it is not so much that Petitioner could not have discovered the alleged mistake until now, but that he did not discover the mistake due to his own lack of due diligence. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008); *see Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"). "Indeed, if the 'I did not learn until later' assertion was a valid reason for equitable tolling, every habeas petitioner [could] simply feign ignorance to avoid a statute of limitations bar, an absurd argument." *Smith v. United States*, No.

14-7142, 2017 WL 1293014, at *2 (D.N.J. Apr. 5, 2017). The Court, accordingly, rejects Petitioner's argument for equitable tolling, and the Motion is dismissed as time-barred.[1]

Lastly, the Court denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the § 2255 motion is correct.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 23, 2018

---

[1] Petitioner's reliance on *Rizzo v. United States*, 821 F.2d 1271 (7th Cir. 1987), is misplaced. *Rizzo* was decided long before Congress imposed the one-year limitations period on § 2255 motions, and therefore has no relevance to the timeliness question here.