**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN KADONSKY,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No. 18-5819 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

  Pending before this Court is Petitioner Steven Kadonsky's ("Petitioner") Motion for Reconsideration ("Motion"), (Mot. for Recons., ECF No. 7), of this Court's Opinion and Order finding his motion to vacate pursuant to 28 U.S.C. § 2255 time-barred. (Op. & Order, ECF Nos. 5, 6.) Respondents have not filed an opposition.

  The scope of a motion for reconsideration of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Blystone*, 664 F.3d at 414; *see* L. Civ. R. 7.1(i) (governing motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 415; *see U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling

decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). "The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." *Id.* at 78.

Petitioner does not point to an intervening change in the controlling law, nor does he rely on any new evidence that was not available when the Court rendered the prior judgment. The Court, therefore, analyzes Petitioner's arguments solely under the third prong of the legal standard described above—the need to correct a clear error of law or fact or to prevent manifest injustice.

In his Motion, Petitioner asserts that the Court overlooked his documents supporting the timeliness of his petition. That is not the case. In fact, the Court thoroughly considered Petitioner's argument for equitable tolling and found it inapplicable. (*See* Op. & Order 2.) "Equitable tolling is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To be entitled to equitable tolling, a habeas petitioner must show: "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence" in pursuing his rights throughout the period to be tolled. *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

While Petitioner was under the impression that his federal sentence had expired prior to the completion of his state sentence, that does not negate the fact that the United States Code unambiguously tolls the term of supervised release. *See* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than [thirty] consecutive days.") That Petitioner, Petitioner's attorney, the government, or the

2

Bureau of Prisons misled Petitioner on the expiration of his sentence, whether from ignorance of the law or excusable neglect, does not constitute an extraordinary circumstance for purposes of equitable tolling. *See United States v. Johnson*, 544 U.S. 295, 311 (2005) ("we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (mere excusable neglect is insufficient to warrant tolling); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (noting that "courts of appeals . . . have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling"); *King v. Bartkowski*, No. 11-4358, 2012 WL 5199166, at *4 (D.N.J. Oct. 18, 2012) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)).

Furthermore, Petitioner asserts that his conviction became final in May 2002 and that he was under the incorrect assumption—based on his communication with the New Jersey State Prison Classification Department—that his sentence expired in January 2003. (*See* Mot. 2-3.) Petitioner has not explained, however, why he did not file his habeas petition prior to January 2003, when he still believed his sentence was running, and the one-year statute of limitations had not yet expired. For these reasons, Petitioner has presented no basis for equitable tolling of the statute of limitations. The Court, accordingly, denies Petitioner's motion for reconsideration.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: April 9, 2019